IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADRIAN RIVERA-CORDERO,

    Plaintiff,

v.                                                          Civ. No. 20-1106 KWR/GBW

MANAGEMENT AND TRAINING
CORPORATION *et al.*,

    Defendants.

## ORDER GRANTING IN PART DEFENDANT SOUTHWESTERN EYE CENTER, LTD.'S MOTION TO COMPEL

THIS MATTER comes before the Court on Defendant Southwestern Eye Center, Ltd.'s Motion to Compel. *Doc. 104*. Having considered the Motion, the attendant briefing (*docs. 110, 111*), and the parties' oral arguments (*see doc. 115*), the Court GRANTS the Motion IN PART and DENIES the Motion IN PART.

### I.    BACKGROUND

Plaintiff Adrian Rivera-Cordero, a citizen of Mexico, was arrested in New Mexico on April 16, 2018, by two United States Border Patrol Agents. *Doc. 40* at ¶¶ 3, 15. Plaintiff's claims in this case arise from an injury to his right eye that he suffered during the arrest, his subsequent attempts to obtain medical treatment while detained at the Santa Teresa Border Patrol Station and the Otero County Prison Facility in New Mexico,

and the treatment he received from Defendant Dr. Robert Villalobos at a medical facility operated by Defendant Southwestern Eye Center, Ltd. ("SWEC"). *See generally id.*

Plaintiff filed a complaint on October 27, 2020, bringing claims under 42 U.S.C. § 1983, *Bivens*, the Federal Tort Claims Act, and for various torts under New Mexico law. *Doc. 1.* Plaintiff added Defendants SWEC and Dr. Robert Villalobos as parties in an amended complaint filed on May 9, 2021. *See id.* at ¶¶ 7-13.

Defendant SWEC served its First Set of Requests for Production of Documents and First Set of Interrogatories to Plaintiff on September 8, 2021. *See doc. 83.* Plaintiff served his objections and responses on October 8, 2021, *see docs. 94*, *95; doc. 104* at 19-32, and SWEC notified Plaintiff that it found his answers and responses to be deficient on October 13, 2021, *doc. 104* at 11-15. Plaintiff served his First Supplemental Objections, Responses, and Answers on October 22, 2021. *Docs. 99, 100; doc. 104* at 33-40. On October 28, 2021, Defendant SWEC emailed a copy of its proposed Motion to Compel to Plaintiff and requested that he provide his position on it no later than noon on the following day. *Doc. 104* at 1 n.1. In lieu of providing his position to Defendant SWEC on its proposed Motion, Plaintiff served additional supplemented discovery responses. *Doc. 110* at 3; *see doc. 110-2*. Believing that it "[did] not have time to evaluate [Plaintiff's Second Supplemental Responses and Answers]" prior to the Local Rules' deadline for its Motion to Compel, Defendant SWEC filed the instant Motion. *Doc. 104* at 1 n.1.

Briefing was complete on December 1, 2021. *Doc. 113*. The Court held a hearing on the Motion on December 13, 2021. *Doc. 115*.

**II.    STANDARD OF REVIEW**

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). They also afford the trial court "wide discretion in balancing the needs and rights of [the parties]." *OsteoStrong Franchising, LLC v. Richter*, Civ. No. 18-1184 KWR/JFR, 2020 WL 7872786, at *4 (D.N.M. Jan. 30, 2020) (unpublished) (quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995)).

When a party fails to respond to another party's discovery requests, the requesting party may move the Court to compel a response. Fed. R. Civ. P. 37(a)(3)(B). Grounds to compel include failing to answer an interrogatory posed under Rule 33 or produce a document requested under Rule 34. *Id.* Responses that are evasive or incomplete constitute a failure to answer or respond. *Id.* (a)(4). A response to an interrogatory is evasive or incomplete where it does not furnish all information that was obtainable by the responding party with reasonable effort. *See Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977); *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977). A response to a request for production of documents is incomplete when it does not include all documents that the responding party has the

3

practical ability to obtain.  *See Landry v. Swire Oilfield Servs., LLC*, 323 F.R.D. 360, 382 (D.N.M. 2018); *In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007).  "The party moving to compel discovery has the burden of proving that the opposing party's answers [are] incomplete."  *Duran v. Donaldson*, No. 1:09-cv-758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011) (unpublished) (citing *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976)).

**III.    ANALYSIS**

Having now reviewed Plaintiff's second supplemental discovery responses, Defendant SWEC concedes that Plaintiff's discovery responses are sufficient except for his failure to respond to Request for Production No. 12 or to supplement his answer to Interrogatory No. 28 and response to Request for Production No. 15.  *Doc. 111* at 1.

**A.  Request for Production No. 12**

Request for Production No. 12 pertains to Plaintiff's demand for medical special damages and corresponds to Interrogatory No. 12, which asked Plaintiff to

> State separately, and itemize in detail, all special damages you have suffered as a result of the incident alleged in your Complaint by giving the names and addresses of the persons or institutions involved; the date on which each item of special damage was incurred; the amount paid to each person or institution involved; and the balance due, if any.  Also, specifically state if any insurance companies or governmental agencies (including Medicare or Medicaid) and any subcontractors to Medicare or Medicaid have paid for such damages or reimbursed you for payment.

*Doc. 104* at 22.  Request for Production No. 12 requests "[a]ll documents … which pertain to any item of special damages which you claim you are entitled to recover." *See doc. 111* at 3.

Plaintiff initially objected in part to Interrogatory No. 12, *see doc. 104* at 22-23, and "inadvertently omitted payments made to Defendant SWEC" in his answer, *see doc. 110* at 4.  Plaintiff subsequently dropped his objection and supplemented his answer with an itemized list of special damages that included payments to Defendant SWEC.  *Id.*; *see also doc. 110-2* at 5-6.  Plaintiff's supplemented answer also states that "the U.S. Marshals Service paid for all amounts charged [in the list] because [Plaintiff] was under their care when he received the abovementioned treatment."  *Doc. 110-2* at 6.

The parties agree that Plaintiff's supplementation moots the issues in the instant Motion as to Interrogatory No. 12, *see doc. 110* at 4-5; *doc. 111* at 1-2, but Defendant SWEC argues that the Motion is not moot as to Request for Production No. 12 because Plaintiff has not produced any documents in connection with his supplemented answer, *see doc. 111* at 3.  Plaintiff has not offered any justification for his failure to respond to Request for Production No. 12.  Instead, in his oral argument at the Court's hearing on the Motion, he promised to produce emails from the U.S. Marshals Service documenting the amounts it paid for Plaintiff's medical expenses while he was detained.  *Doc. 115* at 2.

5

Under Rule 34 of the Federal Rules of Civil Procedure, parties served with a proper request for production must respond in writing within 30 days of being served with a response that either "state[s] that inspection and related activities will be permitted as requested or state[s] with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34 (b)(2)(A)-(B).  A responding party's failure to respond or object to a request for production, or to permit inspection of responsive documents, is grounds for awarding relief to the requesting party under Rule 37.  *See* Fed. R. Civ. P. 37(a)(3)(B).  In addition, Rule 26 imposes on responding parties a duty to timely supplement or correct their responses if they learn that they are incomplete or incorrect.  Fed. R. Civ. P. 26(e).

Plaintiff failed to provide a supplemented response to Request for Production No. 12 alongside his supplemented answer to Interrogatory No. 12 stating that "the U.S. Marshals Service paid for all [of the] amounts" listed in his itemized list of future medical special damages.  *Doc. 110-2* at 6.  Plaintiff's statements at the Motion Hearing indicate that he possesses documents detailing the payments made by the U.S. Marshals Service and does not object to Request for Production No. 12.  *See doc. 115* at 2.  Therefore, Plaintiff is ORDERED to respond to Request for Production No. 12 in full by

providing all responsive documentation in his possession, custody, or control[1] supporting his supplemented answer to Interrogatory No. 12.

**B. Interrogatory No. 28 & Request for Production No. 15**

Interrogatory No. 28 reads: "Are you seeking future medical special damages? If so, please describe in detail the basis for such claim and please state the amount of future medical special damages you are seeking." *Doc. 110-2* at 9. Request for Production No. 15 asks that Plaintiff "produce all documents, reports and medical records that support [his] claim for future medical special damages." *Id.* at 10. Plaintiff states that he does not object to these discovery requests, *doc. 110* at 6, but he argues the Motion is premature to the extent it seeks to compel him to respond to them prior to his expert disclosures deadline of February 28, 2022, *id.*; *see doc. 110-2* at 9-10. Plaintiff's response to Request for Production No. 15 references his answer to Interrogatory No. 28 and states that "Plaintiff has yet to calculate future medical special damages" and will supplement his response once they are calculated. *Doc. 110-2* at 10.

It is not in question that Defendant SWEC is entitled to the information it seeks in Interrogatory No. 28 and Request for Production No. 15. *See Jarrett v. Wal-Mart Stores,*

---

[1] *See Fed. Trade Comm'n v. Affiliate Strategies, Inc.*, No. 09-4104-JAR, 2011 WL 251449, at *3, 3 n.22 (D. Kan. Jan. 26, 2011) (unpublished) (stating Rule 34 of the Federal Rules of Civil Procedure gives responding parties have an affirmative duty to conduct a diligent search for reasonable available information that is in their possession, custody, or control); *Ochotorena v. Adams*, No. 1:05-cv-01524-LJO-DLB PC, 2009 WL 1953502, at *3 (E.D. Cal. July 7, 2009) (unpublished) (stating that a responding party's response to a request for production is insufficient when it fails to produce responsive documents and does not explain why he does not have possession, custody, or control over them).

*Inc.*, No. CIV-08-1049-C, 2009 WL 2871115, at *2 (W.D. Okla. Sept. 2, 2009) (unpublished); *doc. 110* at 6.  The sole issue is whether Defendant SWEC's Motion to Compel is premature as to these discovery requests.  The Court finds that it is not.

A court may sustain objections to discovery requests on the grounds that they are premature when the disclosing party has not retained an expert and the discovery requests at issue seek expert opinion.  *See Osuagwu v. Gila Reg'l Med. Ctr.*, CIV NO. 11-00001 MV/DJS, 2011 WL 13150558, at *3 (D.N.M. Dec. 2, 2011) (unpublished); *Heredia v. Sunrise Senior Living*, No. 8:18-cv-01974-JLS, 2020 U.S. Dist. LEXIS 137763, at *17 (C.D. Cal. July 20, 2020) (unpublished).  In such cases, "[i]f an answer to [an] interrogator[y] can *only* be provided by resort to [the responding party's] experts, [the party] should so state in [its] answer[] to such an interrogatory."  *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989) (emphasis added).  However, if a responding party has responsive factual information independent of the opinions of its experts, the party must provide those facts in its discovery responses.  *Id.* at 428; *see also Lemaster v. Collins Bus. Corp.*, No. 11-CV-2128 JTM/KGG, 2012 WL 5199738, at *2 (D. Kan. Oct. 22, 2012) (unpublished).

Interrogatory No. 28 asks not only for the amount of future medical special damages Plaintiff claims but also for "the basis of such claim," *see doc. 110-2* at 9, so it is not the case that Plaintiff cannot supplement his answer except by resort to his experts.  Plaintiff may need to consult an expert in order to provide an exact figure for the future

8

special medical damages he claims, but this does not excuse him from providing information about the factual basis of that claim that he presently possesses. *See, e.g., Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders, LLC*, No. 16-cv-1094-JTM-TJJ, 2017 WL 1408226, *3 (D. Kan. Apr. 20, 2017) (unpublished); *Jobson v. United States ex rel. Dep't of Veteran Affs.*, No. CIV-17-574-SLP, 2018 WL 8299885, at *5 (W.D. Okla. Aug. 27, 2018) (unpublished); *Lemaster*, 2012 WL 5199738, at *2; *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 3171768, at *5 (D. Kan. Oct. 29, 2007).

Nor is it premature to compel Plaintiff to disclose the factual basis for his future medical special damages claim.[2] Given that the deadline for the end of discovery is approximately five months away, the deadline for Plaintiff's expert disclosures is in two and a half months, *see doc. 85*, and his case has been pending for over one year, *see doc. 1*, Plaintiff should be able to explain the factual basis for his claim for future medical special damages "and/or for what reasons [the treating physician referenced in his supplemented answer] may be evaluating him," as Defendant SWEC requests, *see doc. 111* at 2. Indeed, Plaintiff alleged in his initial complaint—which was filed more than

---

[2] The sole case cited by Plaintiff in support of his position that Interrogatory No. 28 and Request for Production No. 15 are premature is not inconsistent with the relief sought by Defendant SWEC in this Motion. *See doc. 110* at 6 (citing *Mendez v. City of Chicago*, 18-cv-6313, 2020 WL 4736399, at *5 (N.D. Ill. Aug. 14, 2020)); *doc. 111* at 2. In *Mendez v. City of Chicago*, the court sustained a plaintiff's objection to an interrogatory requesting the facts underlying his claimed damages for future lost income on the basis that it was premature. *Id.* at *5. However, the court also held that plaintiff should supplement his discovery responses with any information that could be obtained without consulting an expert witness. *Id.*

one year ago—that he "will require medical care and prescription eyedrops for the rest of his life," *doc. 1* at ¶ 38, which suggests that Plaintiff has long possessed additional factual information supporting his claim for future medical damages independent of the opinions of any experts he has yet to retain, *see King v. E.F. Hutton & Co., Inc.*, 117 F.R.D. 2, 5 (D.D.C. 1987) (stating that "while an expert…may be necessary to refine the evidence of their losses, the plaintiffs must have had some factual basis for concluding they had sustained losses at the time the complaint was filed" and ordering plaintiffs to answer interrogatories requesting information about their claimed losses and later supplement their answers with "refinements or corrections").  Moreover, the information requested by Interrogatory No. 28 could assist Defendant SWEC with retaining and preparing defense experts or "clarify the issues in the case, narrow the scope of the dispute, [and assist with defendant's decision] if early settlement discussion should be entered into or whether there is a substantial basis for bringing a motion for summary judgment under rule 56." *Anaya v. CBS Broadcasting, Inc.*, No. CIV 06-0476 JBKBM, 2007 WL 2219458, at **8 (D.N.M. May 16, 2007) (citing *In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 338-39 (C.D. Cal. 1985)).

    Accordingly, Plaintiff is ORDERED to (1) supplement his answer to Interrogatory No. 28 with any information supporting his claim for future medical special damages that he presently possesses or can obtain after reasonable inquiry; and (2) respond to Request for Production No. 15 by producing responsive documentation

that is in his possession, custody, or control supporting his supplemented answer to Interrogatory No. 28.

## IV.    ATTORNEY'S FEES

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), if a motion to compel is granted in part and denied in part, the Court "may, after giving opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In exercising its discretion under Rule 37(a)(5)(C) a court may consider the exceptions under Federal Rule of Civil Procedure 37(a)(5)(A), which describe when an award of expenses is not appropriate. *Wilson v. Greater Las Vegas Ass'n of Realtors*, Case No. 2:14-cv-00362-APG-NJK, 2016 WL 4087272, at *2 (D. Nev. July 28, 2016); *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, No. CIV 08-1101 JB/RLP, 2009 WL 10706594, at *5 n.6 (D.N.M. Dec. 17, 2009). Those exceptions are when: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

While the Court is not satisfied that Defendant SWEC made a satisfactory attempt to obtain the disputed discovery without court intervention, it also finds that Plaintiff's nondisclosure was not substantially justified. Two of the four issues raised by the Motion are moot as a result of Plaintiff's Second Supplemental Responses and

11

Answers, but the Motion's arguments concerning the remaining two issues are meritorious. Accordingly, the Court will require Plaintiff to pay fifty percent of Defendant SWEC's expenses for briefing its Motion. Each party shall bear its own costs for to the Motion Hearing.

V. **CONCLUSION**

For the foregoing reasons, Defendant SWEC's Motion to Compel (*doc. 104*) is GRANTED. **No later than January 7, 2022**, Plaintiff shall produce documents responsive to Request for Production No. 12, supplement his answer to Interrogatory No. 28, and produce any documents responsive to Request for Production No. 15. IT IS FINALLY ORDERED that, **within five (5) days of the entry of this Order**, Defendant shall file an affidavit detailing the reasonable expenses, including attorney's fees, that it incurred to bring its Motion to Compel. If Plaintiff wishes to contest the reasonableness of any expenses claimed by Defendant, its objections shall be due **within five (5) days of Defendant filing its affidavit**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE