IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADRIAN RIVERA-CORDERO,

    Plaintiff,

v.                                                    Civ. No. 20-1106 KWR/GBW

MANAGEMENT AND TRAINING
CORPORATION, *et al.*,

    Defendants.

## ORDER AWARDING ATTORNEYS' FEES

THIS MATTER comes before the Court on Defendant Southwestern Eye Center, Ltd.'s Affidavit of Counsel (*doc. 121*). On December 17, 2021, the Court granted in part and denied in part Defendant's Motion to Compel (*doc. 104*). *See doc. 116* at 12. Pursuant to Federal Rule of Civil Procedure 37(c), the Court awarded Defendant half of the reasonable expenses that it incurred to bring the Motion. *See id*. Five days later, Defendant filed the instant Affidavit averring that it incurred $3,559.88 in attorneys' fees and expenses to bring the Motion and claiming $1,779.94 of that sum. *See doc. 121* at ¶¶ 3, 4. On December 27, 2021, the deadline for Plaintiff to object to Defendant's Affidavit, passed without him doing so. *See doc. 116* at 12. Having reviewed the Affidavit and being fully advised in the premises, the Court AWARDS Defendant Southwestern Eye Center, Ltd. $1,779.94 in attorneys' fees and expenses.

## I. LEGAL STANDARD

"A reasonable attorney's fee is reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the party, no more and no less." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679 (10th Cir. 2012) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989)) (cleaned up). "'[R]easonable' does not necessarily mean actual expenses." *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 879 (5th Cir. 1988). Rather, to determine reasonable attorneys' fees, the Court "must arrive at a 'lodestar' figure by multiplying the hours … counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995).

## II. ANALYSIS

The rates, hours, and expenses claimed by Defendant Southwestern Eye Center, Ltd. for its counsel to prepare and brief the Motion to Compel are reasonable. Counsel's hourly rates align with the rates charged by local attorneys in civil rights cases and prison litigation. The hours claimed for counsel's work on the Motion to Compel are reasonable in number and not duplicative. And the gross receipts tax incurred by Defendant is a reimbursable, reasonable expense. Therefore, the Court awards Defendant half of the $3,599.88 that it incurred to bring its Motion, or $1,779.94.

A. REASONABLE RATES

The $200/hour incurred by Defendant for its attorneys' work on the Motion to Compel is reasonable. "The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987).[1] The rate "should reflect rates in effect at the time the fee is being established by the court, rather than those in effect at the time the services were performed." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). These rates are what "lawyers of reasonably comparable skill, experience, and reputation in the relevant community," *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006), "practicing in the area in which the litigation occurs would charge for their time," *Ramos*, 713 F.2d at 555.

Defendant, as the fee applicant, bears the burden to produce evidence—in addition to its attorney's own affidavit—that their requested rates align with the local market rate for civil rights and prison litigation by comparable counsel. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Evidence 'is typically established through the affidavits of local attorneys who practice in the same field as the attorneys seeking the fees.'" *Strobel v. Rusch*, No. CIV 18-0656 RB/JFR, 2021 WL 371575, at *2 (D.N.M. Feb. 3,

---

[1] *Lucero* and many of the cases to which the Court cites in this award assess the reasonableness of attorney's fees claimed pursuant to 42 U.S.C. § 1988. The Tenth Circuit has held that this caselaw is applicable to attorney's fees and expenses awarded pursuant to Federal Rule of Civil Procedure 37. *See Centennial Archaeology*, 688 F.3d at 680.

3

2021) (quoting *Mosaic Potash Carlsbad, Inc. v. Lintrepid Potash, Inc.*, No. 16-CV-0808 KG/SMV, 2018 WL 2994412, at *3 (D.N.M. June 14, 2018)). "Only if the district court does not have adequate evidence of prevailing market rates for attorney's fees may it, 'in its discretion, use other relevant factors, including its own knowledge, to establish the rate.'" *Mosaic*, 2018 WL 2994412, at *1 (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257 (10th Cir. 1998), and citing *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000)).

Defendant has provided no evidence of the reasonableness of its claimed rates, so the Court will assess them based on its own knowledge of local rates. Defendant's attorneys, Kelsey D. Green & Jennifer D. Hall, are of counsel and director respectively, *see doc. 121-1*, and each have significant, relevant experience, *see Kelsey D. Green*, Miller Stratvert Law Offices, https://mstlaw.com/attorneys/kelsey-green/; *Jennifer D. Hall*, Miller Stratvert Law Offices, https://mstlaw.com/attorneys/jennifer-d-hall/. The Court routinely awards rates of $200/hour to counsel of comparable (or even less) experience in civil rights and prison litigation. *See, e.g.*, *Martin v. City of Albuquerque*, No. Civ. 18-0031 RB/JFR, 2020 WL 1139054, at *5-7 (D.N.M. Mar. 9, 2020); *Casias v. Dep't of Corr.*, No. 1:16-CV-00056-JMC-SCY, 2019 WL 2881007, at *1-2 (D.N.M. July 3, 2019); *O Centro Espirita Beneficente União Do Vegetal in the U.S. v. Duke*, 343 F. Supp. 3d 1050, 1086 (D.N.M. 2018). Therefore, the $200/hour sought by Defendant for work by Ms. Green and Ms. Hall is reasonable.

B. REASONABLE HOURS

Similarly, the 16.5 hours spent by Defendant's attorneys to prepare and brief its Motion to Compel is reasonable. "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250. The Court must scrutinize such records to "ensure that the … attorneys have exercised 'billing judgment'" by "winnowing the hours actually expended down to the hours reasonably expended." *Id.* (quoting *Ramos*, 713 F.2d at 553); *see also Ramos*, 713 F.2d at 553 ("It does not follow that the amount of time *actually* expended is the amount of time *reasonably* expended."). Then the Court must assess the reasonableness of the "billed" hours based on the following factors: (i) whether the task would normally be billed to a paying client; (ii) the amount of time spent on a given task; (iii) the complexity of the task; (iv) the number of reasonable strategies pursued; (v) the responses necessitated by the maneuvering of the other side; and (vi) duplication of services. *See Case*, 157 F.3d at 1250.

Here, Defendant's counsel exercised billing judgment and spent a reasonable amount of time bringing the Motion to Compel. The hours claimed were billed to Defendant. *See doc. 121-1*. Of the 16.5 hours billed, Defendant's counsel spent 9.3 of them preparing the Motion, 0.1 of them corresponding with Plaintiff's counsel about the

5

prepared Motion, and 7.1 hours preparing the Motion's reply. *See id.* at 1. Given the nature of the issues in the Motion, the Court finds these hours reasonable. *See Miller v. Paschall Truck Lines, LLC*, Civ. No. 20-303 GBW/SCY, 2021 WL 919868, at *2 (D.N.M. Mar. 10, 2021) (awarding 8.5 hours to prepare a motion to compel); *VanMeter v. Briggs*, CV 18-0970 RB/JHR, 2020 WL 954771, at *3 (D.N.M. Feb. 27, 2020) (awarding 31.8 hours to fully brief a motion to compel and a response to a cross motion for protective order).

### C. GROSS RECEIPT TAX

Defendants also incurred a gross receipts tax of $259.88. "In New Mexico, it is standard practice for attorneys to ask their clients to pay the gross receipts tax obligations that attorneys incur by collecting attorney's fees." *O Centro Espirita*, 343 F. Supp. 3d at 1102. Therefore, this Court awards that cost in its fee awards, *see Casias*, 2019 WL 2881007, at *5; *O Centro Espirita*, 343 F. Supp. 3d at 1101-02.

### III. CONCLUSION

For the reasons above, the Court finds that Defendant incurred $3,599.88 in reasonable attorneys' fees and expenses to bring its Motion to Compel. Pursuant to its order granting that Motion in part, *see doc. 116* at 12, the Court AWARDS Defendant half of that sum, or $1,779.94. IT IS HEREBY ORDERED that Plaintiff tender the sum of $1,779.94 to Southwestern Eye Center, Ltd. **within thirty (30) days of this Order**.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE